■ WENDELL BUCKLEY v. DOROTHY ALT et al., as Executors of MANNIE ALT, Deceased.— Motion to dismiss appeal granted, with $10 costs, unless the appellant procures the appellant's points to be served and filed on or before August 15, 1961, with notice of argument for the September 1961 Term of this court, said appeal to be argued or submitted when reached. Concur — Botein, P. J., Breitel, Rabin, Valente and Steuer, JJ.

■ DANIEL P. FRENCH, Individually and as President v. MARTIN RARBACK, as Secretary-Treasurer.— Motion for leave to appeal to the Court of Appeals denied, with $10 costs. The stay contained in the order to show cause, dated May 29, 1961, is vacated. Concur — Botein, P. J., Breitel, Stevens, Eager and Bergan, JJ.

## (June 13, 1961)

■ RADAR-ELECTRONICS, INC., Appellant, v. OSCAR LEVENTHAL, INC., et al., Respondents.— Order, entered on June 29, 1960, denying plaintiff's motion for an order restoring the action herein to the General Jury Calendar, unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Botein, P. J., Breitel, Rabin, Valente and Steuer, JJ.

■ SYLVIA KAHN, as Executrix of MORTON KAHN, Deceased, Respondent-Appellant, v. ISAAC E. CAHN et al., Appellants-Respondents.— Interlocutory judgment unanimously modified, on the law, on the facts and in the exercise of discretion, to limit the accounting provided for in the second, third and fourth decretal paragraphs to the period commencing September 1, 1958 and ending May 31, 1959, which limitation is consented to by the parties; in lieu of the fifth to ninth, inclusive, and eleventh decretal paragraphs, which are deleted, the matter is referred to the named Official Referee, to hear and report as provided in section 467 of the Civil Practice Act, before whom proceedings are to be had pursuant to rule 174 of the Rules of Civil Practice. The final decretal paragraph relating to costs is deleted; the determination thereof should be made on the entry of the final judgment. (Civ. Prac. Act, § 1477.) The issues adverted to, including those relative to valuation and the decedent's claimed loan, are within the scope of the accounting. After the filing of objections, if the examination of the accounting parties provided for in rule 174 appears to be inadequate, either party may apply to Special Term for appropriate relief. If the parties differ as to the proper basis for valuation, they should be afforded the opportunity to submit evidence in support of the respective interpretations of the provisions for valuation contained in the agreement, as well as the respective valuations contended for. With reference to the so-called affiliated corporations, the accounting shall be limited to transactions between the corporations and the partnership for the period September 1, 1958 to May 31, 1959. The interlocutory judgment, as so modified, is affirmed, without costs. Settle order on notice. Concur — Valente, J. P., McNally, Stevens, Eager and Steuer, JJ.

■ JOHN HORODECKYI et al., as Members of the Parish of the Ukrainian Autocephalic Orthodox Church of St. Volodimir, Individually, in Their Own Behalf and in Behalf of Those Similarly Situated, Appellants, v. UKRAINIAN AUTOCEPHALIC ORTHODOX CHURCH OF ST. VOLODIMIR, INC., et al., Respondents. — Judgment so far as appealed from unanimously affirmed, without costs. No opinion. Concur — Breitel, J. P., Rabin, McNally, Eager and Steuer, JJ.